UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-05415-CAS (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JUANE L. ELENES ET AL V. FCA US LLC ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFFS' MOTION TO REMAND (Filed August 19, 2016, Dkt. 7)

## I.    INTRODUCTION

On July 17, 2016, Juan L. Elenes and Daisy Elenes filed a complaint in the Los Angeles County Superior Court against FCA US LLC ("FCA") and Does one through ten.  The complaint alleges (1) breach of express warranty in violation of the Song-Beverly Consumer Warranty Act ("the Act"), California Civil Code §§ 1790 *et seq.*, (2) breach of implied warranty in violation of the Act, Id., and (3) fraudulent inducement.

On July 20, 2016, FCA removed the action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  Dkt. 1.  On August 19, 2016, plaintiffs filed the instant motion to remand the action to the Los Angeles County Superior Court.  Dkt. 7.  On September 26, 2016, FCA filed an opposition.  Dkt. 8.  On October 3, 2016, plaintiffs filed a reply in support of their motion.  Dkt. 9.

On October 17, 2016, the Court held oral argument on the present motion and took the matter under submission.  Dkt. 12.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

On August 12, 2012, plaintiffs purchased a 2012 Dodge Durango ("the Vehicle") from FCA.  Compl ¶ 7.  Plaintiffs attached the sales contract for the Vehicle to their complaint.  See Compl. Ex. 1.  The sales contract provides that the "Cash Price of Motor Vehicle and Accessories" was $39,745.  Plaintiffs agreed to pay $3,946.04 in taxes and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-05415-CAS (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JUANE L. ELENES ET AL V. FCA US LLC ET AL | | |

fees. Plaintiffs traded in their former vehicle for a value of $15,000, but after the application of a rebate, still owed $1357.71 on their prior lease. As part of the purchase of the Vehicle, the seller agreed to pay off the remaining $1357.71 owed on plaintiffs' former vehicle and to add that $1357.71 to the loan for the Vehicle purchase. Plaintiffs did not make any down-payment. Including the cash price, taxes, fees, and amount repaid on plaintiffs' former vehicle, the total financed amount for the Vehicle was $45,048.75. Based on plaintiffs' payment schedule, plaintiffs agreed to pay $703.77 per month for 72 months for a total payment amount of $50,671.44[1]. From the face of the sales contract, it does not appear that plaintiffs opted for optional additional expenses such as a "theft deterrent device," "service contract," or "surface protection product." Ex. 1 at 1.

The Vehicle came factory-equipped with a Totally Integrated Power Module ("TIPM"), Compl. ¶ 9, which plaintiffs allege was defective, id. ¶ 12. Plaintiffs allege that the defective TIPM causes a number of problems with the Vehicle and that FCA failed to disclose TIPM defects to plaintiffs prior to their purchase of the Vehicle. Id. ¶ 88.

On or around September 23, 2014, plaintiffs took the Vehicle to FCA's repair facility and raised a number of issues purportedly related to the TIPM defect. Id. ¶ 93. The service manager represented to plaintiffs that the Vehicle had been repaired and was safe to drive. Id. Plaintiffs allegedly took the vehicle to a repair facility again on October 2, 2015, at which time they raised issues with the transmission and the check engine light. Id. ¶ 95. The service manager allegedly returned the vehicle to plaintiffs on October 7, 2015, and represented that it had been repaired and was safe to drive. Id.

Plaintiffs claim the Vehicle sale was accompanied by express warranty by which FCA "undertook to preserve or maintain the utility or performance" of the Vehicle. Id. ¶ 128. Plaintiffs allege that the Vehicle was delivered to plaintiffs with serious defects in violation of the aforementioned express warranty, including but not limited to the

---

[1] Plaintiffs' loan carried an annual interest rate of 3.95%, which would add $5,622.69 to the total cost paid for the vehicle if repaid over 72 months according to the $703.77 per month payment schedule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-05415-CAS (ASx) | Date | November 14, 2016 |
| Title | JUANE L. ELENES ET AL V. FCA US LLC ET AL | | |

defective TIPM. Id. ¶ 129. Plaintiffs also allege that FCA's sale of the Vehicle violated an implied warranty of merchantability. Id. ¶ 144-47.

### III. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

In determining the amount in controversy, courts first look to the complaint. "Generally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (quotation marks omitted); see also Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (Collins, J.)("In deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe."), aff'd 631 F.3d 1010 (9th Cir. 2011). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.' " Campbell v. Vitran Express, Inc., 471 Fed.Appx. 646, 648 (9th Cir.2012) (quoting Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1001 (C.D.Cal.2002)).

Where, as here, the amount in controversy is contested, and the plaintiff does not plead a specific amount in controversy, the proponent of federal jurisdiction must establish it by a preponderance of the evidence. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 550 (2014); Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). In determining whether the removing party has satisfied this burden, the district court may consider facts in the removal petition and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-05415-CAS (ASx) | Date | November 14, 2016 |
| Title | JUANE L. ELENES ET AL V. FCA US LLC ET AL | | |

(quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335–36 (5th Cir. 1995)). A defendant need not "research, state, and prove the plaintiff's claim for damages," Coleman, 730 F. Supp. 2d at 1148, particularly because the question asks only the amount that plaintiff has put at issue, not how much the defendant actually owes, Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010).

## IV. DISCUSSION

In FCA's notice of removal, FCA argues that the Court has diversity jurisdiction over the action because the amount in controversy exceeds $75,000, plaintiffs are citizens of the State of California, and FCA is not a citizen of the State of California. FCA contends that a "conservative" estimate of the amount in controversy is $105,879.21 plus attorneys' fees. Not. Removal ¶ 10. Plaintiffs challenge FCA's calculation of the amount in controversy and contend that it does not exceed $75,000 and that this action must be remanded to the Los Angeles County Superior Court.

The Act pursuant to which plaintiffs' first and second claims arise permits plaintiffs to seek "recovery of damages and other legal and equitable relief." Cal. Civ. Code § 1794(a). The measure of damages includes the sum of [1] restitution, [2] "a civil penalty which shall not exceed two times the amount of actual damages," and [3] "the aggregate amount of costs and expenses, including attorney's fees based on actual time expended."[2] Cal. Civ. Code § 1794. Plaintiffs argue that FCA has improperly calculated restitution [1], that FCA has failed to adequately prove availability of the maximum civil penalty [2], and that FCA cannot include attorneys' fees [3] in the calculation of the amount in controversy. The Court addresses the proof of each component in turn as well as their inclusion in the amount in controversy below.

### A.   Compensatory Damages Pursuant to Song-Beverly Act

The parties agree that if plaintiffs are successful in their claims, they may be entitled to restitution, but the parties disagree about the calculation of restitution.

---

[2] Because jurisdiction over this action ultimately turns on the proper addition and subtraction of several different amounts, the Court assigns them separate alpha-numeric labels for simplicity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-05415-CAS (ASx) | Date | November 14, 2016 |
| Title | JUANE L. ELENES ET AL V. FCA US LLC ET AL | | |

The Act defines restitution as "the actual price paid or payable by the buyer, including [1a] any charges for transportation and manufacturer-installed options . . . and including [1b] any collateral charges such as sales or use tax, license fees, registration fees, and other official fees." Cal. Civ. Code § 1793.2(d)(2)(B). However, the calculation of restitution excludes, [1x] "nonmanufacturer items installed by a dealer or the buyer," id., and is reduced by [1y] an amount attributable to the consumer's use, Cal. Civ. Code § 1793.2(d)(2)(C).

It appears that plaintiffs agreed to pay a total of $45,048.75 on August 12, 2012, which plaintiffs paid by accepting a loan. Part of that total was for the "Cash Price of Motor Vehicle and Accessories," Compl. Ex. 1, which appears to have included "[1a] any charges for transportation and manufacturer-installed options," Cal. Civ. Code § 1793.2(d)(2)(B). By the terms of the loan, plaintiffs would pay a total of $50,671.44, including finance charges. Finance charges are correctly included in the calculation of the amount in controversy because they are recoverable pursuant to the Act. Mitchell v. Blue Bird Body Co., 80 Cal. App. 4th 32, 34 (2000). Accordingly, the total amount financed also appears to have included all taxes and fees [1b].

As noted supra, $1,357.71 of the financed amount was attributed to plaintiff's remaining debt on their prior vehicle. Accordingly, that sum must be excluded from the purchase price, including the appropriate portion of finance charges attributable to that sum. Accordingly, $49,144.27, or $50,671.44 minus $1527.17, is the relevant amount paid by plaintiff.

The Court must next determine the appropriate reduction of that amount based on the exclusion of "[1x] nonmanufacturer items installed by a dealer or the buyer," Cal. Civ. Code § 1793.2(d)(2)(B), and [1y] the reduction attributable to the plaintiffs' use of the Vehicle, Cal. Civ. Code § 1793.2(d)(2)(C). The purchase agreement does not appear to list any nonmanufacturer items installed by the dealer or buyer. Instead it lists "N/A" adjacent to a number of "Optional" features, including several "theft deterrent device[s]" and "surface protection product." Compl. Ex. 1. Accordingly, for purposes of this order, there do not appear to have been any costs attributable to nonmanufacturer items installed in the Vehicle.

Regarding the reduction of restitution based on plaintiffs' use of the Vehicle [1y], the Act provides:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-05415-CAS (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JUANE L. ELENES ET AL V. FCA US LLC ET AL | | |

> The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle . . . for correction of the problem that gave rise to the nonconformity.

Cal. Civ. Code § 1793.2(d)(2)(C).

In this case, the "actual price" pursuant to subsection (C) is the cash price of $39,745.00. To determine the reduction for plaintiffs' use [1y], the Court multiplies $39,745 by a fraction equal to the number of miles driven by plaintiffs' in the Vehicle prior to first delivering the vehicle to FCA for correction divided by 120,000. FCA has submitted evidence that between August 12, 2012, when plaintiffs purchased the Vehicle, and September 23, 2014, when plaintiffs brought the vehicle to be repaired, the Vehicle's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-05415-CAS (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JUANE L. ELENES ET AL V. FCA US LLC ET AL | | |

mileage had increased by 25,987 miles.[3] Accordingly, the net mileage offset for

---

[3] In opposition to the instant motion, FCA attached a declaration from Jay Weaver, Customer Relations and Warranty Operations Manager of FCA's California Business Center. Opp'n Ex. 4. FCA offers the Weaver declaration to authenticate purported warranty claim reports that FCA also attached as Exhibit 4 to its opposition. The warranty claim reports appear to show the mileage of a vehicle with the same VIN that plaintiffs allege is assigned to the Vehicle. The warranty claim reports also list the Vehicle's mileage on various dates the Vehicle was brought to FCA for repairs. Specifically, it provides that the mileage was 26,063 miles on September 23, 2014, the same day plaintiffs allege that they first brought the Vehicle for repairs. FCA argues that the mileage reduction should be based on 25,987 miles because the sales contract shows that the Vehicle had 76 miles on the odometer when plaintiffs purchased it.

Plaintiffs object to consideration of the Weaver declaration and the warranty claim reports pursuant to Federal Rules of Evidence 402, 802, 901, and the best evidence rule. Dkt. 10.

However, the Court determines that they are relevant to estimate the use-reduction of the amount in controversy. Furthermore, Federal Rule of Evidence 902 ("Rule 902") provides that "[t]he following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted." Accordingly, Rule 902(11) permits admission of certain business records without further extrinsic evidence. To satisfy Rule 902(11) the records must be accompanied by a certification from their custodian or other qualified person showing they satisfy the requirements of Federal Rule of Evidence 803(6)(A)-(C) ("Rule 803").

The Weaver certification meets the initial requirements of Rule 902(11). Weaver claims to work with FCA's warranty repair reports on a daily basis. Weaver's certification states that the warranty claim records were made at or near the time of the events described by someone with knowledge of the matters set forth therein (Rule 803(6)(A)), were kept in the course of FCA's regularly conducted business activity (Rule 803(6)(B)), and were made by FCA as part of its regular practice (Rule 803(6)(C)).

Rule 902(11) also requires that FCA give plaintiffs adequate notice of its intent to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-05415-CAS (ASx) | Date | November 14, 2016 |
| Title | JUANE L. ELENES ET AL V. FCA US LLC ET AL | | |

plaintiffs' use of the vehicle is $8,607.11.

For purposes of this motion, the Court therefore estimates the amount of restitution [1] available pursuant to the Act to be $49,144.27 in net payment minus the mileage offset of $8,607.11, or $40,537.16.

### B. Civil Penalty

"It is well established that punitive damages are part of the amount in controversy in a civil action," where they are recoverable under one or more of the plaintiff's claims for relief. Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir.2001). Pursuant to the Act, "[i]f the buyer establishes that the failure to comply was willful, the judgment may include . . . a civil penalty which shall not exceed two times the amount of actual damages." Cal. Civ. Code § 1794(c). Courts treat the Act's civil penalties akin to punitive damages. See e.g. Suman v. Superior Court, 39 Cal. App. 4th 1309, 1317 (1995) ("These subdivision (c) penalties have been likened, by courts, to punitive damages"). The Court estimates the amount in controversy by assuming plaintiffs' allegations are true. See Campbell, 471 Fed.Appx. at 648. Plaintiffs allege that FCA has "willfully failed to comply with its responsibilities under the Act." Compl. ¶ 141. Accordingly, the amount in controversy estimate may include a civil penalty.

---

offer the records and an opportunity to inspect the records and certification so that plaintiffs have a fair opportunity to challenge them. From the parties submissions the Court cannot discern if FCA gave the appropriate notice or permitted plaintiffs to inspect the records at issue. Accordingly, the Court invites oral argument regarding whether plaintiffs require time to inspect the records and whether they intend to challenge the records' authenticity.

For purposes of this tentative order, the Court assumes that FCA will make the records available for inspection or that plaintiffs do not challenge the authenticity of the warranty records. Accordingly, for purposes of this motion, the records appear to be admissible and the Court may consider them as "summary-judgment-type evidence." Singer, 116 F.3d at 377.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-05415-CAS (ASx) | Date | November 14, 2016 |
| Title | JUANE L. ELENES ET AL V. FCA US LLC ET AL | | |

     Plaintiffs argue that FCA has not satisfied its burden of presenting evidence that plaintiffs may be entitled to the *maximum* amount of the civil penalty rather than some lesser amount in civil penalties. However, plaintiffs specifically seek the maximum amount permissible in civil penalties. See Compl. Prayer ¶ (e) (plaintiffs seek a "civil penalty in the amount of two times Plaintiffs' actual damages"). As noted above, "[g]enerally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Ibarra, 775 F.3d at 1197 (quotation marks omitted). Plaintiffs' prayer for relief is therefore enough to determine whether the amount in controversy should include the maximum amount of the civil penalty or some lesser portion. See Saulic v. Symantec Corp., 2007 WL 5074883, at *7 (C.D. Cal. Dec. 26, 2007) (Stotler, J.). "Plaintiff could have 'remained silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy,' thereby requiring the removing party to 'show the stakes of litigation ... given plaintiff's actual demand.'" Id. (quoting Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 999 (9th Cir.2007). By specifically seeking the maximum civil penalty, plaintiffs placed that amount in controversy. Accordingly, FCA need only provide evidence of damages from which the amount of civil penalties can be determine. As discussed supra, FCA's submissions are sufficient to estimate the amount in controversy as restitution to be $40,537.16. Pursuant to the Act, that amount may be doubled to determine the civil penalty sought by plaintiffs.

     Furthermore, where the maximum civil penalty is predicated upon and capped by other damages, courts routinely include the maximum available civil penalty when estimating the amount in controversy. See e.g. Bruce v. Waggoners Trucking, Inc., 2016 WL 4508232, at *2 (C.D. Cal. Aug. 29, 2016) (Fitzgerald, J.) (The amount in controversy includes twice the amount at issue where "Plaintiff *could be entitled [to] up to* double compensation for the overtime owed"); Saulic, 2007 WL 5074883, at *7. Where a state law claim authorizes up to "treble damages," the Ninth Circuit, in dicta, has indicated support for inclusion of those damages. See Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1046 fn. 3 (9th Cir. 2000) (although, in Chabner, it was "unclear whether the jurisdictional minimum would have been met" without allegations regarding the amount of underlying damages). Accordingly, some courts have opted to include the maximum civil penalty without relying on the plaintiffs' specific prayer for relief. Brady v. Mercedes Benz USA, Inc., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (citing Chabner, 225 F.3d at1046 fn. 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-05415-CAS (ASx) | Date | November 14, 2016 |
| Title | JUANE L. ELENES ET AL V. FCA US LLC ET AL | | |

Here, the Court need not speculate as to the underlying damages for restitution. As discussed supra, the Court estimates the amount in controversy as restitution [1] to be $40,537.16. Pursuant to the Act, the civil penalty amount in controversy [2] is double those potential damages, $81,074.32.

### C.     Other Damages Affecting the Amount in Controversy

In addition to [1] restitution and [2] a civil penalty, the Act permits plaintiffs to seek "[3] the aggregate amount of costs and expenses, including attorneys' fees based on actual time expended." Cal. Civ. Code § 1794. The parties dispute whether and how, at this stage in the litigation, attorneys' fees should be estimated for purposes of determining the amount in controversy. Regarding the amount of attorneys' fees to consider for jurisdictional purposes, courts have reached differing conclusions. Compare e.g. Brady, 243 F. Supp. 2d at 1011 ("a reasonable estimate of fees *likely to be incurred to resolution* is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy") with Reames v. AB Car Rental Servs., Inc., 899 F. Supp. 2d 1012, 1019 (D. Or. 2012) ("Although the Ninth Circuit has not yet resolved this issue . . . attorney fees anticipated *but unaccrued at the time of removal* are not properly in controversy for jurisdictional purpose").

However, the sum of the restitution and civil penalty amounts in controversy exceed $120,000. Accordingly, the $75,000 jurisdictional amount has been satisfied and the Court need not resolve what amount of attorneys' fees may be included. It appears that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiffs' motion to remand this action to the Los Angeles Superior Court should be denied.

### D.     Comity

Plaintiff's final argument in favor of remand is that the Court should remand this action so as not to interfere with "California's authority over its own statutes, regulatory programs, and public policy." Mot. at 19. During oral argument on this motion, plaintiff informed the Court that there are several potentially related cases currently proceeding in state court and that FCA has filed a petition in state court for coordination of those cases. The parties noted that a hearing on FCA's coordination petition was scheduled for October 21, 2016. Accordingly, the Court took this matter under submission and ordered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-05415-CAS (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | JUANE L. ELENES ET AL V. FCA US LLC ET AL | | |

the parties to file a joint report regarding the coordination petition no later than October 28, 2016. On October 27, 2016, the parties filed a joint report requesting an extension of time until November 8, 2016, because the coordination petition hearing in state court was rescheduled to October 31, 2016. Dkt. 13. The Court granted the parties an extension until November 8, 2016. Dkt. 14. On November 7, 2016, the Court held a scheduling conference with the parties regarding this action, during which the parties discussed the coordination petition in state court. At that time the parties did not apprise the Court of any facts that would cause the Court to reject jurisdiction. Nor have the parties filed any further update regarding the state court proceedings.

Accordingly, plaintiff's motion to remand this action is **DENIED** without prejudice. Plaintiff will be permitted to renew the present motion or seek a stay of this action as may be warranted by any substantial change in the potentially related state court proceedings.

**V.   CONCLUSION**

Plaintiffs' motion to remand this action to the Los Angeles Superior Court is **DENIED**.

IT IS SO ORDERED.

00 : 00

Initials of Preparer       CMJ